IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| RICKYLEE RICARDO PINKNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 125-094 |
| ) | |
| DEPUTY GENE AMOS; DEPUTY MISSIE ) | |
| FUTCH; SHERIFF PAUL REVERE; and ) | |
| SHERIFF CLAY SMITH, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

I.   **SCREENING THE COMPLAINT**

   A.   **BACKGROUND**

Plaintiff's complaint names the following Defendants: (1) Deputy Gene Amos, (2) Deputy Missie Futch, (3) Sheriff Paul Revere, and (4) Sheriff Clay Smith. (Doc. no. 1, p. 1.) Deputies Amos and Futch are named only in their individual capacities, while (former) Sheriff Revere is named in both individual and official capacities. (Id.) Sheriff Smith is named in only his official capacity as the current Lincoln County Sheriff. (Id.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On October 13, 2022, Plaintiff was at his residence in Lincolnton, Georgia. (Id.) Plaintiff's wife called the Sheriff's Office for assistance with a domestic matter, but did not report any crime, threat, or violence. (Id.) Upon arriving at Plaintiff's residence, Deputies Amos and Futch entered Plaintiff's home "[w]ithout a warrant, consent, or exigent circumstances." (Id.) Deputy Amos also drew his firearm while Plaintiff held his one-year-old daughter, which caused her distress. (Id.) When questioned, Deputy Amos admitted on camera he had no legal justification to enter the residence. (Id.)

As a result of the October 2022 incident, Plaintiff suffered emotional trauma, anxiety, and PTSD, for which he has sought mental health care. Plaintiff contacted multiple civil rights law firms throughout 2023 and 2024 but was unable to obtain representation. (Id.) Plaintiff also provided the Lincoln County Sheriff's Office an opportunity to resolve his claims informally before filing suit. (Id.)

**B.     DISCUSSION**

**1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Claims Are Barred by the Statute of Limitations

Plaintiff's claims are subject to dismissal under the statute of limitations. State law controls the length of the statute of limitations period in § 1983 actions. Chapman v. Dunn, 129 F.4th 1307, 1315 (11th Cir. 2025); Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007) (*per curiam*). In Georgia, such claims for injuries to the person must be brought within two years of their accrual. Richards v. Cobb Cnty., Ga.,

3

487 F. App'x 556, 557 (11th Cir. 2012) (*per curiam*); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33.  Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual.  See Chapman, 129 F.4th at 1315 (citing Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996)).  Under § 1983, a claim accrues "once the plaintiff knows or should know 'the injury that forms the basis of [his] complaint,' as well as who caused that injury." Id. (citing Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) (*per curiam*)); see also Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003) (*per curiam*).

Here, Plaintiff filed his complaint on April 21, 2025.  (See doc. no. 1.)  The events about which Plaintiff complains occurred on October 13, 2022.  (Id. at 1.)  Therefore, the injuries forming the basis of Plaintiff's complaint, as well as the individuals who caused those injuries, were apparent to Plaintiff by October 2022.  Indeed, Plaintiff sought representation from various civil rights law firms in the two years following the incident, suggesting he was well aware of the details of the claims he brings now.  (See id.)  As Plaintiff commenced this case over two years after October 2022, his § 1983 claims are outside of the two-year statute of limitations period and are subject to dismissal.

### 3.    Plaintiff Is Not Entitled to Equitable Tolling

Plaintiff appears to recognize his claims are barred by the statue of limitations, as he requests equitable tolling apply to his claims.  Specifically, he states:

> Plaintiff respectfully requests the Court to apply equitable tolling to any statute of limitations argument.  Plaintiff made continuous and good-faith efforts to secure legal representation by contacting multiple civil rights law firms throughout 2023 and 2024.  Despite these efforts, Plaintiff was unable to obtain counsel.  Plaintiff also gave the Lincoln County Sheriff[']s Office an opportunity to address the matter internally before resorting to federal court.  This delay was not due to neglect or waiver of rights but due to systemic barriers.

(Id.)

"In a § 1983 action, federal courts generally refer to state law for tolling rules, just as they do for the length of a statute of limitations." Salmon v. Jones, 787 F. App'x 639, 641 (11th Cir. 2019) (*per curiam*). Although Plaintiff makes no argument for statutory tolling, for the sake of completeness, the Court finds no basis for statutory tolling under Georgia law. See OCGA §§ 9-3-90 to 99; see also Brown v. Patton, No. 5:21-CV-82, 2022 WL 1819061, at *2 (S.D. Ga. May 11, 2022) (summarizing Georgia statutory tolling provisions), *adopted by* No. 2022 WL 1811193 (S.D. Ga. June 2, 2022). As for non-statutory equitable tolling, "[t]he only discussion of non-statutory equitable tolling in the Georgia courts occurred in the context of a class action lawsuit." Hicks v. City of Savannah, No. CV408-006, 2008 WL 2677128, at *2 (S.D. Ga. July 8, 2008) (citing State v. Priv. Truck Council, Inc., 258 Ga. 531, 371 S.E.2d 378 (Ga. 1988)); see also Stubbs v. Hall, 308 Ga. 354, 369–70, 840 S.E.2d 407, 419 (2020) ("[W]e have found only one case in which this Court even *discusses* equitable tolling." (citing Priv. Truck Council, 258 Ga. at 533)). Because Plaintiff brings suit under § 1983 and does not bring a class action, the statute of limitations is not tolled under Georgia's non-statutory equitable tolling doctrine.

"In at least one case, the Eleventh Circuit has applied 'the federal doctrine of equitable tolling' in a § 1983 case, where the applicable limitations were established by Georgia law." Ballard v. Kesner, No. CV421-005, 2023 WL 2450175, at *9 (S.D. Ga. Jan. 6, 2023) (quoting Zamudio v. Haskins, 775 F. App'x 614, 616 (11th Cir. 2019) (*per curiam*)), *adopted by* 2023 WL 1794804 (S.D. Ga. Feb. 7, 2023), *appeal dismissed*, No. 23-10972-C, 2023 WL 6166555 (11th Cir. June 28, 2023). "The general test for equitable tolling requires the party seeking tolling to prove that: (1) he has been pursuing his rights diligently, and (2) some extraordinary

5

circumstance stood in his way and prevented timely filing." Rager v. Augustine, 760 F. App'x 947, 950-51 (11th Cir. 2019) (*per curiam*) (citing Villarreal v. R.J. Reynolds Tobacco Co., 839 F.3d 958, 971 (11th Cir. 2016)).  In other words, "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are beyond his control and unavoidable even with diligence, which the plaintiff bears the burden of showing." Id.; see also Salas v. Pierce, 297 F. App'x 874, 877 (11th Cir. 2008) (*per curiam*).  Plaintiff has failed to carry his burden to show that his attempts to obtain counsel or his attempts to informally resolve his claims with the Lincoln County Sheriff's Office constitute extraordinary circumstances beyond his control or that his untimely filing was unavoidable even with diligence. See Wallace v. Kato, 549 U.S. 384, 396 (2007) ("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.").

In sum, Plaintiff's case should be dismissed because he filed suit only after the applicable statute of limitations expired and he is not entitled to equitable tolling.

## II.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** for failure to state a claim upon which relief can be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of May, 2025, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA